UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NGOZI DADA ANUFORO,
Petitioner,

-v-

TODD BLANCHE, Acting Attorney General of the United States; MARK WAYNE MULLIN, Secretary of the Department of Homeland Security; JOSEPH B. EDLOW, Director of U.S. Citizenship and Immigration Services (USCIS); CARRIE M. SELBY, Associate Director of the Service Center Operations at USCIS; and KASH PATEL, Director of the Federal Bureau of Investigation,
Respondents.

26-CV-4653 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Petitioner Ngozi Dada Anuforo brings this action against Respondents Attorney General Todd Blanche, Secretary of the Department of Homeland Security Markwayne Mullin, Director of U.S Citizenship and Immigration Services ("USCIS") Joseph B. Edlow, Associate Director of the Service Center Operations at USCIS Carrie M. Selby, and Director of the Federal Bureau of Investigation Kash Patel (collectively, "Respondents"), asserting claims under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 706(1). Before the Court is Respondents' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. For the reasons that follow, the motion to dismiss is granted.

## I. Background

The following facts are taken from Anuforo's petition (ECF No. 15 ("Pet.")) and are presumed true for purposes of this opinion. Anuforo is a citizen and national of Iceland and Nigeria. (*Id.* ¶ 10.) She filed a Form I-360, which is a self-petition under the Violence Against

Women Act ("VAWA Petition"), with USCIS on June 2, 2023, which is still pending. (*Id.* ¶¶ 10, 18, 20; *see also* ECF No. 15-1). On September 14, 2023, USCIS issued a Prima Facie Determination Notice certifying that Anuforo's VAWA Petition was submitted in compliance with USCIS rules and procedures, and USCIS issued two additional such notices on September 6, 2024, and August 7, 2025. (Pet. ¶ 19; *see also* ECF No. 15-2.) Anuforo's counsel filed a request with USCIS to expedite its decision on her VAWA petition on March 30, 2026 (Pet. ¶ 22; *see also* ECF No. 15-6), but USCIS has not responded to this request as of the date of her petition commencing this action (Pet. ¶ 22).

Anuforo has been in removal proceedings throughout the pendency of her VAWA Petition. (Pet. ¶ 21; *see also* ECF No. 15-3.) The immigration court had previously scheduled a master calendar hearing in her removal proceedings for October 22, 2026, which was moved up to June 8, 2026 (Pet. ¶ 21; *see also* ECF Nos. 15-4, 15-5), but then adjourned to October 30, 2026 (ECF No. 34 ("Opp.") at 2).

Anuforo originally filed this action on June 2, 2026 (ECF No. 1) and, after correcting her deficient pleadings, filed the operative petition on June 4, 2026 (Pet.). Anuforo seeks a writ of mandamus compelling Respondents to adjudicate her VAWA petition. (*Id.* ¶¶ 27-42.) She also raises claims under Sections 555(b) and 706(1) of the Administrative Procedure Act ("APA"). (*Id.* ¶¶ 43-48.) Respondents filed their motion to dismiss on August 21, 2026 (ECF No. 29), arguing that this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and that Anuforo fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 30 ("Mem.") at 9). Anuforo filed her opposition on September 21, 2026 (Opp.), and Respondents filed their reply on October 5, 2026 (ECF No. 35 ("Reply")).

## II. Legal Standards

### A. Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "a case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (quotation marks omitted); Fed. R. Civ. P. 12(b)(1). It is the party asserting subject matter jurisdiction who must prove by a preponderance of the evidence that it exists. *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). On a motion to dismiss for lack of subject matter jurisdiction, "the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001). Where a defendant makes a factual attack on the court's jurisdiction to hear a plaintiff's claims, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations; rather, the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." *Guadagno v. Wallack Ader Levithan Assocs.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996) (citations omitted), *aff'd*, 125 F.3d 844 (2d Cir. 1997).

### B. Rule 12(b)(6)

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must treat all "well-pleaded factual allegations" as true and "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must "draw[] all reasonable inferences in favor of the plaintiff," *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145

(2d Cir. 2012), but need not accept as true "legal conclusions" or "a legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678.

## III. Discussion

Anuforo contends that USCIS's three-year delay in adjudicating her I-360 application is unreasonable and thus merits relief under the Mandamus Act and the APA. (*See generally* Pet.) In moving to dismiss, Respondents argue that this Court lacks subject matter jurisdiction over this case pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii) and that, even if the Court has subject matter jurisdiction, Anuforo fails to state a claim for unreasonable delay. (*See generally* Mem.) The Court addresses each of these arguments in turn.

### A. Subject Matter Jurisdiction

A threshold question is whether USCIS has a nondiscretionary duty to adjudicate VAWA petitions such as Anuforo's. A district court has subject matter jurisdiction to compel agency action under the APA only if the agency has a nondiscretionary duty to act. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) ("[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*.").[1] Similarly, "[u]nder the Mandamus Act, jurisdiction 'is limited to actions seeking to compel the performance of a nondiscretionary duty.'" *Banco San Juan Internacional, Inc. v. Fed. Rsrv. Bank of N.Y.*, 762 F. Supp. 3d 247, 281 (S.D.N.Y. 2025) (quoting *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004)), *aff'd*, 176 F.4th 163 (2d Cir. 2026).

By way of background, the jurisdiction-stripping provision of the Immigration and Nationality Act ("INA") provides that "no court shall have jurisdiction to review . . . any other

[1] Section 555(b) of the APA provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it," 5 U.S.C. § 555(b), and Section 706(1) authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed," *id.* § 706(1).

decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). VAWA amended INA to allow foreign nationals who have been subjected to battery or extreme cruelty by their spouse to file an I-360 petition requesting their own path towards a green card. *See id.* § 1154(a)(1)(A)(iii), 1154(a)(1)(B)(ii). In evaluating VAWA petitions, USCIS has "sole discretion" over "the determination of what evidence is credible" and "the weight to be given that evidence." *Id.* § 1154(a)(1)(J). VAWA provides that "the Attorney General *shall* consider any credible evidence relevant to the [VAWA] petition" when acting upon it, *id.* (emphasis added), and that "the Attorney General *shall*, if he determines that the facts stated in the petition are true . . . , approve the petition and forward one copy thereof to the Department of State," *id.* § 1154(b) (emphasis added). *See also* 8 C.F.R. §§ 254.2(a)(5)(l), 245.6 (providing that each VAWA "applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial" and that "[e]ach applicant for adjustment of status under this part shall be interviewed by an immigration officer").

These provisions impose mandatory, nondiscretionary duties on USCIS to evaluate (including through interview) and decide VAWA petitions. This Court thus has subject matter jurisdiction.[2] Although the Second Circuit has not opined on this question specifically, other courts—including those within this Circuit—have regularly concluded that Respondents "owe a

[2] In reaching this jurisdictional holding, the Court is not drawing "every inference . . . in Petitioner's favor" as urged by Anuforo. (Opp. at 7-8.) While the Court must draw every inference in Anuforo's favor when it comes to her factual allegations, that obligation does not apply to answering a jurisdictional question of law that is subject to "[a] contested, out-of-Circuit split in authority[.]" (*Id.* at 7.) "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it"—here, Anuforo. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).

clear nondiscretionary duty to plaintiff to adjudicate her I-360 petition." *Richards v. Napolitano*, 642 F. Supp. 2d 118, 134 (E.D.N.Y. 2009) (quotation marks omitted); *accord Aina v. Mayorkas*, No. 24-CV-1006, 2024 WL 3070185, at *3 (S.D. Tex. June 20, 2024); *Patel v. Jaddou*, No. 23-CV-4021, 2023 WL 9546656, at *3 (C.D. Cal. Dec. 26, 2023); *Mokuolu v. Mayorkas*, No. 24-CV-817, 2024 WL 4783542, at *5 (D. Md. Oct. 1, 2024); *cf. Dyvonyak v. Mayorkas*, No. 23-cv-16528, 2024 WL 3520058, at *1-2 (N.D. Ill. July 24, 2024) (ruling on motion to dismiss VAWA petitioner's APA § 706(1) claim without addressing jurisdiction); *but see Fenyvesi v. Edlow*, No. 5:26-CV-18, 2026 WL 1702526, at *2 (N.D. Fla. May 18, 2026) (observing "[d]istrict courts around the country have reached conflicting decisions" and collecting cases). This Court joins them in concluding that it has subject matter jurisdiction.

As a judge of this court explained in the similar context of I-485 (adjustment of status) applications, "the Attorney General has unfettered (and hence, unreviewable) discretion whether *to grant or deny* an application. However, one cannot infer from that the existence of discretion *to never decide it at all.*" *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540, 546 (S.D.N.Y. 2008); *accord Yueliang Zhang v. Wolf*, No. 19-CV-5370, 2020 WL 5878255, at *3 (E.D.N.Y. Sep. 30, 2020). Any conclusion to the contrary "defies logic," since "[t]he secretary cannot be charged with immigration administration and simultaneously have no duty to administrate. Such a result is irrational." *Nigmadzhanov*, 550 F. Supp. 2d at 546 (quotation marks omitted); *see also Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004) ("[US]CIS simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely."). Indeed, myriad decisions from within this Circuit have held that the Attorney General must adjudicate analogous applications for immigration relief. *See, e.g.*, *Richards*, 642 F. Supp. 2d at 134 (reaching same conclusion with respect to I-485 applications); *Hoo Loo v.*

*Ridge*, No. 4-CV-5553, 2007 WL 813000, at *3 (E.D.N.Y. Mar. 14, 2007) (same); *Rodriguez v. Nielsen*, No. 16-CV-7092, 2018 WL 4783977, at *10-19 (E.D.N.Y. Sep. 30, 2018) (same as to work authorization applications and collecting cases holding there is a non-discretionary duty to adjudicate immigration-related applications);*Am. Acad. of Religion v. Chertoff*, 463 F. Supp. 2d 400, 421 (S.D.N.Y. 2006) (finding "failure to issue or refuse a visa within a reasonable period of time triggers mandamus jurisdiction in federal court" because "the Government's obligation to adjudicate visa application is clearly prescribed"). Section 1154(a)(1)(J) commits to USCIS's discretion only two questions: the credibility of the evidence, and the weight it deserves. Anuforo is not asking the Court to compel USCIS to make a particular determination of credibility or weight—she merely asks that it makes some determination at all.

The thrust of Respondents' Rule 12(b)(1) motion to dismiss is that the pace at which USCIS adjudicates VAWA petitions is part of their discretion to decide these petitions,[3] meaning the INA's jurisdiction-stripping provision applies. (*See* Mem. at 14-15.) Not so. Congress did not include pace in the discretion afforded to USCIS in deciding VAWA petitions. Pace is not a question of credibility or weight, and Respondents cite only out-of-Circuit cases to argue otherwise. (*Id.* at 15-16.) Though the Second Circuit has not explicitly ruled on the question, the Court agrees that "the pace of adjudicating" VAWA petitions "is not specifically committed to the Attorney General's discretion" given the Circuit's "strong presumption in immigration cases in favor of judicial review of administrative action." *Alkeylani v. Dep't of Homeland Sec.*,

---

[3] Respondents also suggest that Anuforo is seeking to compel them to act upon her VAWA petition "within a certain timeframe." (Mem. at 17.) She is not. Anuforo does not seek to specify a time by which USCIS must adjudicate her petition or to enforce some nonexistent mandatory time period; she cites no such specific times or deadlines. She instead seeks a determination from this Court that the time that has lapsed since her application is unreasonable and an order compelling USCIS to act as a result.

514 F. Supp. 2d 258, 263-64 (D. Conn. 2007) (reaching conclusion with respect to discretion in adjudicating adjustment-of-status applications, citing *Sanusi v. Gonzales*, 445 F.3d 193, 198 (2d Cir. 2006), and collecting cases agreeing that "§ 1252(a)(2)(B)(ii) does not divest this Court of subject matter jurisdiction over Plaintiffs' claim that the adjudication of their I-485 applications has been unreasonably delayed"); *accord Bondarenko v. Chertoff*, No. 7-MC-2, 2007 WL 2693642, at *5 (W.D.N.Y. Sep. 11, 2007) ("[T]he INA does not give the Attorney General authority to decide whether or not to adjudicate a [I-485] application, nor does it specify that the pace of adjudication is committed entirely to the Attorney General's discretionary judgment." (collecting cases)); *Hassane v. Holder*, No. C10-314Z, 2010 WL 2425993, at *3 (W.D. Wash. June 11, 2010) (recognizing that the "overwhelming majority" of district courts holding that § 1252(a)(2)(B)(ii) does not bar judicial review of "claims involving adjustment of status where there is an unreasonable delay").

Respondents' attempt to package "pace" into part of the "process" committed by Congress to agency discretion is also unsuccessful. (*Id.* at 15.) The Supreme Court made clear in *Kucana v. Holder* that while § 1252(a)(2)(B)(ii) excludes discretionary decisions on "substantive relief" from judicial review, courts retain subject matter jurisdiction over "procedural device[s]" (e.g., a "motion to reopen") that do "not direct the Executive to afford the alien substantive relief." 558 U.S. 233, 248 (2010). Even prior to *Kucana*, the Second Circuit held that that the jurisdictional bar in § 1252(a)(2)(B) does not apply to "*non-discretionary*" procedural duties and prerequisites, such as "to commence rescission procedures prior to rescinding LPR status."[4] *Sharkey v. Quarantillo*, 541 F.3d 75, 85 (2d Cir. 2008) ("[T]he court

---

[4] Anuforo is also correct that none of the "eight decisions from within the Second Circuit addressing mandamus or APA challenges to USCIS's pace of adjudicating discretionary

will simply seek to determine what decision was made, not whether the decision was correct or a proper exercise of discretion."); *see also Sepulveda v. Gonzales*, 407 F.3d 59, 62-63 (2d Cir. 2005) (Sotomayor, J.) ("[Section] 1252(a)(2)(B) does not strip courts of jurisdiction to review nondiscretionary decisions regarding an alien's eligibility for the relief."). Here, the question is whether USCIS must take a particular procedural action, not the substantive result it arrives at in doing so. Though Respondents suggest that "the core adjudicative process of weighing the evidence in a VAWA self-petition [is] discretionary" (Mem. at 16), it is only the actual weighing of the evidence in this process that belongs to the agency's discretion. Respondents do not have discretion to decline to engage in this process altogether.

USCIS has a nondiscretionary duty to adjudicate Anuforo's VAWA petition. Accordingly, this Court has subject matter jurisdiction over Anuforo's APA claims.[5] However, the Court lacks subject matter jurisdiction over her Mandamus Act claims. To secure relief under the Mandamus Act, a petitioner must establish that: (i) she has a "clear right" to the relief sought; (ii) the defendant has a plainly defined, "peremptory duty" to do the act in question; and (iii) there is "no other adequate remedy." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989). "[B]ecause the APA offers an adequate alternative remedy," the Court "lacks mandamus jurisdiction." *Lin v. Noem*, No. 25-CV-3848, 2025 WL 3013100, at *8 (S.D.N.Y. Oct. 28, 2025) (collecting cases); *see also, e.g.*, *Sharkey*, 541 F.3d at 93 (affirming district court's dismissal of mandamus claim that duplicated petitioner's APA claims). The Court therefore denies

benefits" cited by Respondents "held that § 1252(a)(2)(B)(ii) categorically strips jurisdiction over the pace of adjudicating a discretionary benefit." (Opp. at 8 (citing Mem. at 10-11 & n.4).).

[5] Contrary to Anuforo's assertions, the Court does not have subject matter jurisdiction pursuant to the Declaratory Judgment Act ("DJA") (Pet. ¶ 8), since "[t]he DJA only provides courts with discretion to fashion a remedy" and does not confer jurisdiction where it does not otherwise exist. *Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 113-14 (2d Cir. 2024).

Respondents' motion to dismiss for lack of subject matter jurisdiction with respect to Anuforo's APA claims and grants it with respect to her Mandamus Act claims.

**B. TRAC Factors**

"In evaluating a claim of unreasonable delay under the APA, including whether USCIS has unreasonably delayed adjudicating an immigration application, courts in this District apply the factors set forth in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ('*TRAC*'), known as the '*TRAC* factors.'" *Elnaggar v. Garland*, No. 23-CV-10850, 2025 WL 70386, at *5 (S.D.N.Y. Jan. 10, 2025) (collecting cases). The *TRAC* factors are as follows:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (cleaned up). The Court addresses each of these factors in turn.

**1. First TRAC Factor**

"The first *TRAC* factor—whether an agency's time to act is governed by a rule of reason—is the most important." *Qi v. U.S. Citizenship & Immigr. Servs.*, No. 23-CV-8843, 2024 WL 2262661, at *5 (S.D.N.Y. May 17, 2024) (quotation marks omitted). This factor "inquires whether there is any rhyme or reason for the Government's delay—in other words, whether the agency's response time is governed by an identifiable rationale." *Id.* (quotation marks omitted).

At first blush, Anuforo's wait time of approximately 36 months is not facially unreasonable. "[C]ourts in this Circuit have consistently held that a delay in processing an

immigration application] of less than four years is reasonable on its face, while delays exceeding six years are often found unreasonable." *Lin*, 2025 WL 3013100, at *5 (cleaned up) (collecting cases). As Respondents note (Mem. at 21-22), the more relevant inquiries are how Anuforo's wait time compares to the average wait time for a VAWA petition's adjudication, as well as USCIS's policy for handling these petitions.

Respondents first contend that, as Anuforo's wait time is well less than the current average processing time of 51.5 months, her application is within "USCIS's normal processing time frame" and is therefore governed by a rule of reason. (*Id.*). They further argue that USCIS has a practice of "generally processing applications in the order in which they are received," suggesting that this amounts to a "first-in, first-out" method. (Mem. at 22 (quoting *Elnaggar*, 2025 WL 70386, at *5, and *Aydemir v. Garland*, No. 22-CV-100, 2022 WL 4085846, at *4 (S.D.N.Y. Sep. 6, 2022)).) Anuforo retorts that a first in, first out "queue is only a rule of reason to the extent the queue itself moves at a reasonable pace." (Opp. at 11.) *See Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 454 (6th Cir. 2022) (finding it "unhelpful to fixate on the average snail's pace when comparing snails against snails in a snails' race").

Anuforo's pleadings are insufficient for the first *TRAC* factor to weigh in her favor. As Respondents point out, her wait time is far "less than the average time it takes to process petitions" like hers, which this Court has treated as a basis for the first *TRAC* factor to weigh in the government's favor. *See Sheiner v. Mayorkas*, 21-CV-5272, 2023 WL 2691580, at *6 (S.D.N.Y. Mar. 29, 2023). Anuforo suggests instead that the slowness of this average wait time itself indicates lack of a rule of reason. However, "the Supreme Court has held that evidence of the passage of time cannot, standing alone, support [a claim for unreasonably delayed administrative action]." *Espin v. Gantner*, 381 F. Supp. 2d 261, 266 (S.D.N.Y. 2005) (citing *INS*

*v. Miranda*, 459 U.S. 14, 19 (1982)). The Court might be able to "envisage an extraordinary length of time that would be unreasonable on its face" (for instance, "waiting a century to hear back about your U-visa application"). *Barrios Garcia*, 25 F.4th at 453. But the Supreme Court was clear in *Miranda* that where "[t]he only indication of negligence is the length of time that the [agency] took to process [an immigration] application," "the evidence that the Government failed to fulfill its duty in this case is at best questionable," and a court "cannot say in the absence of evidence to the contrary that the delay was unwarranted." 459 U.S. at 18. The Court is bound by this holding.

As Respondents point out (Reply at 6), Anuforo's petition also lacks allegations that have led other courts to doubt whether USCIS is actually following its otherwise defensible "first in, first out" policy. *See, e.g.*, *Barrios Garcia*, 25 F.4th at 453 (first *TRAC* factor favored plaintiffs because they alleged, for example, that similar "applications were filed after but decided before theirs," that "USCIS does not make . . . waiting list decisions on a first in, first out basis," and that "USCIS systematically prioritizes later filed petitions over earlier filed petitions"). Anuforo offers no such allegations. Because she has not "allege[d] some irregularity or other facts suggesting that USCIS, in processing [her] application, is failing to follow whatever general methodology it uses in processing like applications," she has not "alleged that USCIS fails to use *some* rule of reason in processing" VAWA petitions like hers. *Elnaggar*, 2025 WL 70386, at *6;

Anuforo finally contends that USCIS's failure to increase its "adjudicative capacity" despite an "eightfold" increase in VAWA petitions between 2010 and 2020 raises doubts about USCIS's "rule of reason." (Opp. at 12.) This is a closer question. *See, e.g.*, *Haidari v. Frazier*, No. 6-CV-3215, 2007 WL 5118370, at *4 (D. Minn. May 10, 2007) ("Defendants' assertion that the USCIS is overworked does not justify the delay."); *E.E.O.C. v. Alioto Fish Co.*, 623 F.2d 86,

88 (9th Cir. 1980) (The agency's workload has been rejected as an excuse for unreasonable delay."). Respondents admit that the "overwhelming filing volumes" of VAWA petitions, which increased significantly between 2010 and 2020, "resulted in increased processing times." (Mem. at 24.) But Anuforo does not plead in her petition that USCIS acted unreasonably in its response to this influx and instead merely asserts in her opposition that it has not increased its capacity. (Opp. at 12.) "Plaintiffs cannot amend their complaint by making conclusory assertions in opposition to a motion to dismiss." *Farsura v. QC Terme US Corp.*, No. 21-CV-9030, 2022 WL 4226266, at *5 (S.D.N.Y. Sep. 13, 2022). Absent pleadings from Anuforo specifically alleging that UCSIS unreasonably failed to address this influx such that no rule of reason governs, the first *TRAC* factor still weighs in favor of Respondents.

**2. Second TRAC Factor**

The second *TRAC* factor looks to whether Congress "has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute." *TRAC*, 750 F.2d at 80. Respondents observe that "Congress has not dictated a timetable or commanded a speed with which USCIS should be adjudicating Form I-360s" (Mem. at 22), while Anuforo contends that "Congress's expressed sense" that applications for immigration benefits should be completed within 180 days "remains relevant context for what Congress considered a reasonable outer bound" (Opp. at 12 (citing 8 U.S.C. § 1571(b)).)

Certainly, Congress has not set a "statutory or regulatory deadline by which the CIS must adjudicate" a VAWA petition, *Kim*, 340 F. Supp. 2d at 393, but that does not mean this factor favors Respondents. Congress's advisory timeline still indicates the speed at which it expects USCIS to process VAWA petitions like Anuforo's. Accordingly, "since [petitioner's] application has been pending well beyond the six-month timeframe in Section 1571(b), this factor favors" Anuforo. *Elnaggar*, 2025 WL 70386, at *7 (collecting cases). That being said,

"case law," not Section 1571(b), "determine[s] when an agency's adjudicatory timeline becomes unreasonable" as a matter of law. *Aydemir*, 2022 WL 4085846, at *5.

### 3. Third and Fifth TRAC Factors

"Courts analyze *TRAC* factors three and five together, looking to the possible effects a delay has had on a plaintiff's health and welfare and to the nature and extent of the interests prejudiced by the delay." *Elnaggar*, 2025 WL 70386, at *7 (cleaned up) (collecting cases). Anuforo first alleges that the underlying purpose of VAWA—to ensure that "a survivor of abuse need not wait on, bargain with, or remain tethered to her abuser to secure her own immigration status"—distinguishes VAWA petitions from "ordinary discretionary benefit applications." (Opp. at 13.) The Court is sympathetic to VAWA self-petitioners' need to be liberated from their abusers and secure immigration status. However, as discussed further below in Section III.B.4, these interests undergird all VAWA petitions, and moving Anuforo's petition to the front of the line would merely transfer this prejudice to those displaced as a result. The third and fifth *TRAC* factors thus weigh in favor of Respondents on this argument.

Anuforo next alleges that, given her ongoing removal proceedings, USCIS's "undue delay" in adjudicating her VAWA petition "will cause the extreme prejudice of being ordered removed from the United States." (Pet. ¶¶ 3, 23). She provides additional context in her opposition that, at her most recent hearing, "the Immigration Court expressly indicated that it was unlikely to grant further continuances to allow additional time for USCIS to act." (Opp. at 13-14.) Respondents contend that she can appeal any decision by the immigration court to the Board of Immigration Appeals, such that removal will not be imminent. (Mem. at 23; Reply at 7.) While the risk of removal certainly may implicate the third and fifth *TRAC* factors, courts tend to conclude that this risk must be "imminent" and "far from speculative" in order for these factors to weigh in the plaintiff's favor. *Queiroz Gomes v. Bondi*, No. 25-CV-11964, 2026 WL

1815445, at *5 (D. Mass. June 24, 2026) (factors weighed in plaintiff's favor where allegation of "imminent removal" was "supported by the government's removal of one of the Plaintiffs" and collecting cases); *see also, e.g.*, *Byrne v. Noem*, No. 25-CV-1077, 2025 WL 2414159, at *5 (E.D. Pa. Aug. 20, 2025) (reaching same conclusion where visa applicant was subject to final order of removal given government's "program of 'massive deportation'" of individuals with existing removal orders); *Garcia v. Noem*, No. 25-CV-6008, 2025 WL 3237502, at *1 (W.D. Wash. Nov. 20, 2025) (same where applicant had received notice of imminent removal). As Anuforo has not offered any allegations to suggest that the immigration court will order her imminent removal and/or that her appeal of any such order will be unsuccessful, the third and fifth *TRAC* factors again weigh in favor of Respondents on this argument at this time.

**4. Fourth TRAC Factor**

"The fourth *TRAC* factor considers 'the effect of expediting delayed action on agency activities of a higher or competing priority.'" *Kaur v. Mayorkas*, No. 22-CV-4514, 2023 WL 4899083, at *11 (S.D.N.Y. Aug. 1, 2023) (quoting *TRAC*, 750 F.2d at 80). Respondents argue that granting Anuforo the relief she seeks would "advance her VAWA Petition at the expense of those of other applicants," resulting in "unwarranted 'line-skipping' and encourag[ing] the expectation that applicants who file a lawsuit will obtain preferential treatment in the adjudication process." (Mem. at 24.)

The Court agrees. While Anuforo contends that her October 30, 2026 removal hearing lessens the line-skipping concern (Opp. at 15), many other VAWA petitioners are also in removal proceedings with similar schedules. Because "granting [her] request would push all other individuals waiting for adjudication of their [own] applications back in line to let [her] go first," Anuforo is "not entitled to relief" under the fourth *TRAC* factor. *Plesha v. Garland*, No. 24-CV-7234, 2024 WL 5221202, at *6 (E.D.N.Y. Dec. 26, 2024); *accord Htoo v. Mayorkas*, No.

24-CV-7514, 2025 WL 315828, at *6 (S.D.N.Y. Jan. 28, 2025) ("[L]eapfrogging Plaintiff's application to the front of the line . . . would only harm other applicants, who are equally deserving of prompt adjudication." (quotation marks omitted)); *Chen v. Edlow*, No. 26-CV-3094, 2026 WL 2189332, at *6 (C.D. Cal. July 28, 2026) ("[A]n order requiring expedited adjudication of [petitioner's] Form I-485 would still unfairly prejudice similarly situated applicants – that is, noncitizens with pending applications for immigration relief who are also in active removal proceedings, including those pending for longer periods of time." (cleaned up)); *cf. Xiaobin Xu v. Nielsen*, No. 18-CV-2048, 2018 WL 2451202, at *2 (E.D.N.Y. May 31, 2018) (where "[t]here are many other applicants who have waited even longer than plaintiff" and "the only difference between them is that plaintiff has brought a federal lawsuit," "[t]hat factor should not give him any advantage."). The fourth *TRAC* factor thus weighs in favor of Respondents.

**5. Sixth TRAC Factor**

The sixth factor makes clear that "the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *TRAC*, 750 F.2d at 80 (cleaned up). As Anuforo has not alleged and the record does not reveal any "impropriety" on the part of the government, the Court agrees with the parties that this factor is neutral. (*See* Mem. at 25; Opp. at 15.)

* * *

Evaluating the *TRAC* factors together and holistically, the Court concludes that Anuforo has failed to plausibly allege a claim for unreasonable delay under the APA. While the second factor weighs in Anuforo's favor and the sixth is neutral, the remaining factors all weigh in favor of Respondents. "The first and fourth factors—the two most important—weigh heavily in favor of dismissal." *Elnaggar*, 2025 WL 70386, at *9. Anuforo has not plausibly alleged that USCIS's time to act on her VAWA petition is not governed by a rule of reason, and she fails to

offer pleadings that would justify the line-skipping that would result were the Court to grant the relief she seeks. And while the Court is sympathetic to her arguments with respect to the third and fifth factors, Anuforo's petition lacks allegations suggesting that she is more deserving that other VAWA petitioners who have the same interests at stake or that her removal is imminent and not merely speculative at this time.

Anuforo submits that the "multi-factor reasonableness inquiry" under the APA is "fact-intensive" and thus better suited for disposition at summary judgment than on a motion to dismiss. (Opp. at 3, 11.) However, "an abundance of authority in this District rejects that general proposition and finds that where, as here, the complaint does not plausibly plead facts to support a claim for unreasonable delay, the claim should be dismissed on the pleadings as a matter of law." *Elnaggar*, 2025 WL 70386, at *10 (collecting cases). Accordingly, "in line with the vast majority of courts faced with cases from similarly situated plaintiffs," *Kaur*, 2023 WL 4899083, at *12, the Court dismisses Anuforo's APA claim.

**IV. Leave to Amend**

Anuforo requests leave to amend her complaint if Respondents' motion to dismiss is granted. (Opp. at 16.) Respondents oppose, implying that leave to replead would be futile. (Reply at 9.) Anuforo responds that, to the extent any defects would be cured by "additional detail regarding the prejudice Petitioner faces given her now-confirmed October 30, 2026 individual hearing," amendment is warranted. (Opp. at 16.) The Court agrees. For instance, if the immigration court entered an order of removal following the hearing, it is possible that the Court's analysis of the third and fifth *TRAC* factors would change. Moreover, Anuforo has not previously amended her petition in this action. Accordingly, leave to amend is granted.

**V. Conclusion**

For the foregoing reasons, Respondents' motion to dismiss is GRANTED. Because the Court grants the motion to dismiss, it need not reach the question of whether Anuforo properly states a claim against Respondent Patel. (*See* Mem. at 18 n.3.)

Anuforo is granted leave to amend her petition and may file an amended petition within four weeks of the date of this Opinion and Order. She may also file a letter within that time indicating that she does not plan to amend her petition, at which point the Court will enter final judgment. Failure to file an amended complaint or a letter within that time will result in entry of final judgment for Respondents.

The Clerk of Court is directed to close the motion at Docket Number 29.

SO ORDERED.

Dated: November 23, 2026
New York, New York

J. PAUL OETKEN
United States District Judge